# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT ERLER,

    Plaintiff,

v.

CONNIE BISBEE, *et al.*,

    Defendants.

3:14-cv-340-LRH-VPC

**ORDER**

## I. DISCUSSION

On September 10, 2014, this Court entered a screening order dismissing the case in its entirety, with prejudice, for failure to state a cognizable 42 U.S.C. § 1983 claim. (ECF No. 3 at 5). The Court also denied the application to proceed *in forma pauperis* as moot and certified that an *in forma pauperis* appeal would be taken in good faith. (*Id.* at 5-6).

In the complaint, Plaintiff had sued members of the parole board for equal protection and due process violations for denying him parole. (ECF No. 4 at 2-3, 5, 8). Plaintiff alleged that Connie Bisbee, the chairman of the parole board, had a policy to deny parole to convicted sex offenders like Plaintiff. (*Id.* at 5-6). Plaintiff alleged that Bisbee had influenced other parole board members to follow her policy. (*Id.* at 6). Plaintiff alleged that, had he been convicted of any other crime, he would have had a better chance of receiving parole. (*Id.* at 7-8).

This Court found that Plaintiff's claims were attempting to challenge the allegedly improper procedural defects in the parole process and the purported bias of the parole board

members. (ECF No. 3 at 5). Relying on Ninth Circuit law,[1] this Court found that Plaintiff had failed to state a cognizable § 1983 claim because he was attempting to challenge the validity of his confinement. (*Id.* at 4-5).

On September 29, 2014, Plaintiff filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 7). In the motion, Plaintiff argues that he is not seeking immediate release from prison and is not claiming a right to parole. (*Id.* at 2). He asserts that, if the Court were to grant the relief sought, he would have an opportunity to present his case for parole to an unbiased, non-discriminatory board. (*Id.*). Plaintiff then reiterates the allegations in his complaint. (*See id.* at 3-4). Plaintiff also asserts that, had he been convicted of any other crime, he would have received parole. (*Id.* at 4).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's Rule 60(b) motion to reconsider. The Court does not find that it committed clear error in its original order. Plaintiff's underlying argument is that he would have been granted parole if he had not been a sex offender or if the parole board would

---

[1] The Ninth Circuit has held that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). "This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id*. The Ninth Circuit has held that prisoners' claims that are based on the "deceit and bias" on the part of the decision makers and allege that their prolonged incarcerations are due to the purported bias of state officials imply the invalidity of the prisoners' confinement. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004).

not have been biased against sex offenders. As such, the Court denies Plaintiff's motion for reconsideration.

**II.      CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the motion for relief from judgment (ECF No. 7) is denied.

DATED: this 6th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE